UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES 1-25 Inclusive,<br><br>Defendants. | Case No.: 1-16-cv-00338-SEH<br><br>ORDER |

The Order of Reassignment in this case was issued by United States Chief District Judge Lawrence J. O'Neill on February 24, 2017. (Doc. No. 16.)

ORDERED:

The revised schedule which follows in part confirms, and in part supersedes, supplements, and replaces the Scheduling Order of June 17, 2016 (Doc. No. 9.), as partially revised on January 12, 2017, and February 22, 2017. (Doc. Nos. 13 and 15.)

1.  The deadline for amendments to pleadings expired on July 31, 2016. Further amendments to pleadings will not be permitted. (Doc. No. 9 at ¶ IV.)

2.  The parties have completed the initial disclosures required under Fed. R. Civ. P. 26(a)(1). (Doc. No. 9 at ¶ V.)

1

3. Disclosures of experts is required by May 8, 2017. (Doc. No. 15 at 4.) Disclosures of rebuttal experts is required by May 15, 2017. (Doc. No. 15 at 4.)

4. The deadline for completion of discovery for non-experts is April 6, 2017. (Doc. No. 15 at 4.) The deadline for completion of discovery for experts is June 16, 2017. (Doc. No. 15 at 4.)

5. Expert reports for any witness retained or specially employed to provide expert testimony, or whose duties as an employee of a party involve giving expert testimony is required and shall be filed and served on or before **May 12, 2017.** Such reports shall comply with Fed. R. Civ. P. 26(a)(2)(A) and (B) and the requirements of this Order and shall include (1) separate statements of each opinion to be offered, (2) specific identification of and source citations to the record to facts or data considered, referenced, or relied upon by the witness in forming the opinions expressed, and (3) the bases and reasons for the opinions. The reports are to be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify.

An inadequate report or disclosure may result in exclusion of the expert's opinions at trial, even if the expert has been deposed.

An expert report is not required from a treating physician unless testimony to be offered will include opinions not fully expressed in the physician's medical records.

Separate written disclosures of all non-retained experts (expert witnesses not required to provide written reports) shall be served upon opposing counsel and filed on or before **May 12, 2017.** Such disclosures must address and include all information required by Fed. R. Civ. P. 26(a)(2)(A) and (C) and shall include separate statements of each opinion to be offered, specific identification of and source citations to the record to facts or data considered, referenced, or relied upon by the witness in forming the opinions expressed, and the bases and reasons for the opinions.

Evidence intended solely to contradict or rebut expert testimony or evidence by another party must be disclosed and filed within 30 days of the expert disclosure date in paragraph 3. Fed. R. Civ. P. 26(a)(2)(D)(ii).

Reports or depositions of experts determined to be inaccurate or incomplete are to be corrected or completed by supplemental disclosure filed within 30 days of the latter of the parties' expert disclosure date specified in paragraph 3 above or the date of the expert's deposition.

6. All pretrial motions and supporting briefs, including non-dispositive motions, motions in limine, motions for summary judgment, and any unresolved discovery motions, shall be filed on or before **May 26, 2017**. Briefs in response to motions shall be filed on or before **June 9, 2017**. Optional reply briefs may be filed on or before **June 16, 2017**. The hearing set for June 28, 2017 is **VACATED** to be reset by further order of court.

The parties must comply with Fed. R. Civ. P. 26(c)(1) and 37(a)(1) before a discovery motion may be filed. This requirement can be satisfied only through direct dialogue and discussion in a face to face meeting (whether in person or by electronic means), in a telephone conversation, or in detailed, comprehensive correspondence.

7. Identification and authenticity for all written documents produced in pretrial disclosure and during the course of discovery are stipulated, except as provided in this paragraph. If a party objects to either the identification or the authenticity of a particular document produced by another party, the objecting party must make and serve a specific written objection upon all other parties within 30 days of receipt. If a document is produced and the producing party objects either to its identification or authenticity, the producing party shall so state, in writing, to all other parties at the time of production. All other objections are reserved for trial.

8. A proposed final pretrial order compiled in compliance with the provisions of Fed. R. Civ. P. 26(a)(3)(A) and the terms of this Order shall be signed by all counsel, e-mailed to seh_propord@mtd.uscourts.gov, and filed on or before **August 4, 2017**.

At least fourteen days before the proposed final pretrial order is due, the plaintiff must convene a conference of all counsel at a suitable time and place to prepare the proposed final pretrial order. **All lists attached to the proposed final pretrial order must be in portrait orientation.**

    a. The proposed final pretrial order must address the following matters:

        i. *Nature of Action.* A plain, concise statement of the nature of the action and

defenses asserted.

  ii. *Jurisdiction and Venue.* The statutory basis of federal jurisdiction and factual basis supporting jurisdiction and venue in the Eastern District of California.

  iii. *Jury or Nonjury.* Whether a party has demanded a jury of all or any of the issues and whether any other party contests trial of any issue by jury.

  iv. *Agreed Facts.* A statement of all material facts that are not in dispute.

  v. *Elements of Liability.* The legal elements of each theory of liability under which relief is sought.

  vi. *Defense Elements.* The legal elements of each defense asserted.

  vii. *Relief Sought.* The elements of monetary damage, if any, the specific nature of any other relief sought, and the amount of damages claimed.

  viii. *Legal Issues.* A statement of disputed legal issues, including, if necessary to a reasonable understanding of the claim or defense, citations of supporting statutory and case authority.

  ix. *Dismissals.* A statement of requested or proposed dismissals of parties, claims or defenses.

  x. *Use of Discovery Documents.* A list of specific answers to interrogatories and responses to requests for admissions that a party expects to offer at trial.

  xi. *Estimate of Trial Time.* An estimate of the number of court days each party requires for presentation of its case in chief.

 b. Before the filing of the proposed final pretrial order, the parties must:

  i. *Exchange Exhibits.* Exchange copies of all items expected to be offered as exhibits, and all schedules, summaries, diagrams, and charts to be used but not offered at trial. Impeachment or rebuttal exhibits need not be exchanged. All exhibits must be premarked for identification. A party must make the original or the underlying documents of any proposed exhibit available for inspection

on request.

    ii. *Designate Deposition Excerpts.* Serve statements designating excerpts from depositions proposed to be offered at trial, other than for impeachment and rebuttal. The deposition excerpt statements must identify the witness and specify the page numbers and line numbers of the deposition to be offered.

    iii. *Provide Deposition Summaries.* Serve a copy of any summary of deposition testimony a party proposes to offer at trial, if the parties have stipulated to a summary in lieu of reading the deposition.

    iv. *Confer and Stipulate.* Attempt to resolve objections to witnesses, proposed exhibits, and designations and summaries of deposition testimony. Counsel must stipulate to the admissibility of as many exhibits as is practical and consistent with preserving legitimate objections.

    v. *Specify Outstanding Evidentiary Objections.* Specify unresolved objections in writing on the opposing party's witness and exhibit lists. Objections not shown on the lists will be deemed waived.

9. The final pretrial order supersedes all prior pleadings and may not be amended except by leave of Court.

10. Objections to exhibits, deposition testimony, or the use of other discovery to be offered at trial (e.g. interrogatories and responses to requests for admission) shall be included within the final pretrial order and shall state specific grounds for all objections. Objections not stated are waived. Exhibits shall be filed in compliance with paragraph 13 of this Order.

11. Each party must attach to the proposed final pretrial order: (1) a will-call witness list; and (2) a may-call witness list. The list must show for each witness:

    a. the witness's city and state of residence;

    b. whether the witness is an expert witness and, if so, the date of the witness's report;

    c. for testimony to be offered by deposition, the page and line numbers of any part of the deposition the offering party intends to offer, and the page and

                line numbers of any additional part of the deposition the opposing party intends to offer;

      d.    each party's objections to the opposing party's designation of testimony to be offered.

12.    Each party must attach to the proposed final pretrial order: (1) a will-offer exhibit list; and (2) a may-offer exhibit list. Each exhibit list must:

      a.    include columns showing:

            i.    the number of the exhibit;

            ii.    a brief description of the exhibit;

            iii.    the other parties' objections to admission; and

            iv.    any stipulation to admission; and

      b.    include columns intended to show:

            i.    the date the exhibit was admitted;

            ii.    the date the exhibit was offered at trial;

            iii.    the date ruling on its admission was reserved; and

            iv.    the date the exhibit was refused or withdrawn.

13.    Exhibits:

      a.    Exhibits are to be bound in a loose-leaf binder and exchanged with opposing counsel prior to the filing of the proposed final pretrial order.

      b.    Each exhibit shall bear an extended tab showing the number of the exhibit.

      c.    **Each exhibit shall be labeled with a trial exhibit number only.**

      d.    Each exhibit document shall be paginated, including any attachments.

      e.    Plaintiff's exhibits shall be numbered 1 to 500. Defendant's exhibits shall be numbered 501 and above. All exhibits shall be numbered in chronological sequence.

      f.    Exhibits shall not be duplicated.

      g.    Exhibits shall be filed in the electronic record.

      h.    The original of document exhibits shall be delivered to the Clerk of Court

on or before **August 4, 2017**.

    i.    A copy of exhibits shall be mailed to Chambers, 901 Front Street, Suite 3100A, Helena, Montana, 59626, on or before **August 4, 2017**.

    j.    The parties are expected to use the Court's available evidence presentation technology for exhibit display.

    k.    *Audio or video electronic exhibits must be in a format compatible with the evidence presentation technology. Parties may contact the Clerk's office for technical assistance.*

14.    No later than the date of filing of the proposed pretrial order, each party shall file and provide to Chambers:

    a.    Complete copy sets of all interrogatories served by the party.

    b.    Complete copy sets of all answers to interrogatories received from any party, if any portion of such answers are to be offered at trial.

    c.    Complete copy sets of all requests for admission served and of each response thereto to be offered at trial.

    d.    Complete copy sets of all requests for production served by a party and complete copy sets of all responses to requests for production, with copies of documents provided in response, sought to be offered as exhibits at trial.

    e.    The complete transcript of each deposition, any portion of which is to be offered at trial.

**All responses to discovery to be offered as evidence at trial must satisfy the requirements for admissibility as evidence under the Federal Rules of Evidence.**

15.    The final pretrial conference set for 8:30 a.m. on August 15, 2017, is **VACATED** to be reset by further order of court. The proposed final pretrial order required by this Order shall be filed in lieu of a Joint Pretrial Statement.

16.    A hearing to address, *inter alia*, issues related to admission of discovery responses at trial, admission of testimony to be offered by deposition at trial, and admission of exhibits at trial will be set by further order of court.

17.     Jury trial set for 8:30 a.m. (PT) on September 26, 2017, will proceed as scheduled.

18.     Deadlines for submission of trial briefs, proposed voir dire, proposed jury instructions, and proposed form of verdict will be set by separate order of court.

19.     Settlement is and remains a matter for negotiation and agreement of the parties. A settlement conference will be ordered only upon stipulation or upon unopposed motion.

20.     Unless otherwise ordered, all pretrial issues or motions or requests for court action or decision will be presented to, heard, and determined by the Court.

21.     The Court may convene an interim status conference or conferences upon application by any party if deemed necessary or appropriate by the requesting party, or if the Court determines an additional conference to address trial related issues should be held.

DATED this 7th day of March, 2017.

*Sam G Haddon*
SAM E. HADDON
United States District Judge