UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MARTIN,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES 1-25 Inclusive,<br><br>  Defendants. | Case No.: 1-16-cv-00338-SEH<br><br>ORDER |

A telephonic status conference was held on March 9, 2017. Plaintiff was represented by Jason A. Pollack, Esq. Defendant was represented by Stephen P. Ellingson, Esq.

ORDERED:

1. The Court will conduct a hearing on all pending pretrial motions at **9:00 a.m. (PT) (10:00 a.m. (MT))** on June 20, 2017, via video conference at the Robert E. Coyle Federal Courthouse, Courtroom I, Fresno, California.

2. The Court will conduct a hearing on issues related to responses to discovery to be offered in evidence at trial, testimony to be presented by deposition at trial, and exhibits to be offered at trial at **9:00 a.m. (PT) (10:00 a.m. (MT))** on August 8, 2017, via video conference at the Robert E. Coyle Federal Courthouse, Courtroom I, Fresno, California.

3. The Court will conduct a final pretrial conference at **9:00 a.m. (PT) (10:00 a.m.**

1

MT)) on August 29, 2017, via video conference at the Robert E. Coyle Federal Courthouse, Courtroom I, Fresno, California.

FURTHER ORDERED:

1. <u>Trial Briefs</u>: Trial Briefs directed to the particular issues of the case shall be filed on or before **September 8, 2017.**

2. <u>Voir Dire</u>: Proposed voir dire questions shall be filed on or before **September 8, 2017.**

3. <u>Jury Instructions:</u>

   a. The parties shall prepare and file a set of proposed stipulated jury instructions (clean copies and working copies with source citations) on or before **September 8, 2017,** which shall include all necessary stock instructions, taken from the current Ninth Circuit Manual of Model Jury Instructions. Each party may also prepare and file proposed supplemental instructions (clean copies and working copies with source citations) if different from the agreed joint instructions. No two instructions shall have the same number.

   b. All instructions shall be short, concise, and understandable and neutral statements of the law. Argumentative instructions are improper, will not be given, and should not be submitted.

   c. Any modifications of instructions from statutory authority, Ninth Circuit pattern instructions, or other form instructions, must specifically state original source form citation, the modification made to the original form instruction and the authority supporting the modification.

   d. Each party shall prepare and file a set of proposed special interrogatories directed to significant issues of fact to be answered by the jury. Each party in addition shall prepare and submit a form of general verdict.

   e. On or before **September 8, 2017,** each party shall additionally e-mail a copy of its proposed joint and supplemental jury instructions, together will

2

all verdict forms, to the Court's proposed order inbox at seh_propord@mtd.uscourts.gov.

4. <u>Format of Jury Instructions:</u>

    a. The clean copy shall contain:

        i. a heading reading "Instruction No. ___;" and

        ii. the text of the instruction.

    b. The working copy shall contain:

        i. a heading reading "Instruction No. ___;"

        ii. the text of the instruction;

        iii. the number of the proposed instruction;

        iv. the legal authority for the instruction; and

        v. the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

5. Final instructions for submission to the jury will be settled on the record prior to closing argument, at which time counsel may present argument and make objections.

6. Any party intending to use the courtroom electronic evidence system must notify the Court and Court Systems Administration staff at least 20 days before trial. Detailed information about the courtroom electronic evidence system is found on the Court's website, www.caed.uscourts.gov, under the "Attorney Info: Electronic Evidence Presentation" tab.

7. A party seeking to use videoconferencing for witnesses must obtain leave of Court at least 20 days before trial. Counsel responsible for such witness or witnesses shall make all necessary videoconference arrangements with Court systems staff. Trial will not be continued or interrupted if conferencing arrangements cannot be made or if the conference transmission signal is interrupted or lost.

8. <u>Calling Witnesses at Trial:</u>

When a witness is called to testify at trial, counsel shall provide to the Clerk of Court four copies of a single-page document providing:

    a. The full name and current address of the witness;

  b.  A brief description of the nature and substance of the witness's testimony;

  c.  The date the witness was deposed or had a statement taken; and

  d.  A listing of each exhibit to which the witness may refer during direct examination.

DATED this 9th day of March, 2017.

                /s/ Sam E. Haddon
                SAM E. HADDON
                United States District Judge